IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON DESHONE QUARLES, #16122-076, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )    Case No. 20-cv-00697-JPG ) |
| KYLE THOLE, LUKE BRANDMEYER, and DOUG MAUE, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Marlon Quarles is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), and he is currently confined at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"). (Doc. 1, pp. 1-32). He brings this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971),[1] for violations of his rights under the First, Eighth, and Fourteenth Amendments during his pretrial detention at Clinton County Jail from October 7, 2019 to June 26, 2020. (*Id.*). He seeks money damages. (*Id.* at 11).

The Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff's constitutional claims are governed by 42 U.S.C. § 1983, not *Bivens*, because he brings them against three state actors. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013).

1

## **The Complaint**

Plaintiff complains about miscellaneous conditions of confinement at Clinton County Jail, which Defendants knew about and took no action to address. (Doc. 1, pp. 1-32). For more than eight months from October 7, 2019 to June 26, 2020, he was housed in an underground cell measuring 16' x 20' with 6-8 other inmates. (*Id*. at 6). The cell lacked windows and bars, and it was illuminated at all times. The tight living quarters resulted in a hostile environment. (*Id*. at 7). The inmates often fought one another.

The showers were covered in black mold, and inmates were generally denied cleaning supplies. (*Id*.). The ventilation was also poor. Plaintiff developed respiratory problems and was later diagnosed with pleurisy resulting from mold inhalation. Following his transfer from the Jail, Plaintiff was placed on breathing treatments and steroids.

Plaintiff informed Defendants that he was diagnosed with several medical conditions that required regular exercise to manage. (*Id*. at 6). These conditions include degenerative disc disease, spinal stenosis, herniated discs, lupus, and joint disease, all of which were exacerbated by limited movement. Plaintiff was nevertheless denied all outside movement and exercise opportunities. He remained confined in his cell for 24 hours/day. He gained 55 pounds and suffered from muscle atrophy, incontinence, spinal pain, and circadian rhythm disruptions. (*Id*.).

While Plaintiff was in medical isolation on October 13 and 20, 2019, he fell while trying to use a toilet that lacked handicap guardrails. (*Id*. at 8). He was taken to an outside hospital and diagnosed with a herniated disc. Prior to these falls, Defendants were aware of his diagnosis with a drop foot, his use of a brace, and his medication for various medical conditions. They were also aware that Plaintiff was an otherwise qualified individual with a disability. They nevertheless

denied him access to a handicap toilet in violation of his rights under the Americans with Disabilities Act. (*Id*.).

On December 12, 2019, Plaintiff underwent a very painful, invasive surgery at an outside hospital for an undisclosed condition. (*Id*. at 8-9). A doctor ordered pain medication and antibiotic cream for sixteen days following surgery. Despite profuse bleeding for the first six days, Jail officials denied Plaintiff supplies to clean himself. Brandmeyer and Thole refused to provide Plaintiff with his pain medication[2] and antibiotic ointment.

In addition, he was also unable to attend any of his orthopedic spinal appointments during his detention at the Jail. (*Id*. at 10). He filed a grievance to address this deprivation in April 2020, but Brandmeyer pointed out that COVID-19 lockdowns prevented outside appointments that were considered non-emergent. (*Id*. at 26). Brandmeyer also agreed to ask Maue about the shoes.

Plaintiff is a Jehovah's Witness whose sincerely held religious beliefs require him to abstain from consumption of blood in all of its forms. (*Id*. at 6). A kosher diet satisfies his own religious requirements, but Brandmeyer and Thole denied him access to a kosher food tray during his entire pretrial detention at the Jail. (*Id*.).

Plaintiff is lactose intolerant and was denied a milk supplement during his pretrial detention. He was forced to accept regular milk or water on his food tray. (*Id*.).

On June 10, 2020, Plaintiff was taken to the "hole" for punitive segregation for talking to inmates in a nearby cell and crossing the yellow line at his cell door. He remained in a 24' x 28' cell for 14 days without the ability to communicate with other prisoners, congregate for religious

---

[2] The Jail's physician, Dr. Lochard, also failed to provide Plaintiff with his medication. However, Plaintiff did not name this individual as a defendant, and he brings no claims against the doctor. Accordingly, all claims against this person are considered dismissed without prejudice.

prayer, or communicate with his family. Bandmeyer did not provide Plaintiff with an Order of Detention until the fourth day of his punitive segregation, and he never received a hearing.

On an undisclosed date, Officer Michael Arnold[3] used excessive force against Plaintiff. (*Id*. at 10). The officer allegedly employed an aggressive tactical maneuver against him. Plaintiff filed a grievance to complain about the incident, but Bandmeyer mishandled it. (*Id*.).

Based on the allegations, the Court finds it convenient to designate the following enumerated claims in the *pro se* Complaint:

**Count 1:** Eighth or Fourteenth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement at the Jail from October 16, 2019 until June 26, 2020, by placing him in an underground, overcrowded, unsafe cell with constant illumination, poor ventilation, moldy showers, no cleaning supplies, and no access to exercise.

**Count 2:** Eighth or Fourteenth Amendment claim against Defendants for denying Plaintiff adequate post-operative care, pain medication, and antibiotic ointment following surgery on December 12, 2019.

**Count 3:** Eighth or Fourteenth Amendment claim against Defendants for denying Plaintiff access to orthopedic spinal appointments from October 16, 2019 until June 26, 2020.

**Count 4:** Eighth or Fourteenth Amendment claim for denial of a milk supplement when Plaintiff suffered from a diagnosed milk allergy.

**Count 5:** First Amendment claim against Defendants for denying Plaintiff the right to freely exercise his religion by denying him a kosher diet.

**Count 6:** ADA or Rehabilitation Act claim against Defendants for denying Plaintiff use of a handicap accessible toilet on or around October 13 and 20, 2019.

**Count 7:** Fourteenth Amendment due process claim against Defendants for placing Plaintiff in punitive segregation for 14 days beginning on June 10, 2020, without notice or an order of detention.

**Count 8:** Fourteenth Amendment claim against Brandmeyer for mishandling a grievance Plaintiff filed to report Officer Mark Arnold's excessive force.

---

[3] Officer Michael Arnold is not named as a defendant in the case caption or body of the Complaint. All claims against this individual are therefore considered dismissed without prejudice.

**Count 9:** First Amendment retaliation claim against Defendants for depriving Plaintiff of his constitutional rights because he filed grievances against them.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

### Discussion

### Counts 1 through 4

The correct analytical framework for Counts 1 through 4 depends on Plaintiff's status as a pretrial detainee or convicted person when his claims arose. The Fourteenth Amendment's objective unreasonableness standard governs a pretrial detainee's claims of unconstitutional conditions of confinement and denial of medical care. *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (applying objective unreasonableness standard to a variety of conditions-of-confinement claims). The Eighth Amendment deliberate indifference standard applies to a convicted person's claims. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim under both standards, Plaintiff must set forth allegations demonstrating each defendant's personal involvement in a constitutional deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

Count 1 shall receive further review against all three defendants. Plaintiff describes conditions of confinement at the Jail that are considered serious when standing alone or in combination with one another. Moreover, he alleges that Defendants were aware of the conditions and took no action to address them. Given these allegations, the Court cannot dismiss this claim against any individual defendant. Accordingly, Count 1 will proceed against Maue, Brandmeyer, and Thole.

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Count 2 shall receive further review against Brandmeyer and Thole only. Both individuals allegedly knew about Plaintiff's surgery on December 12, 2019, as well as his prescription for antibiotic ointment and pain medication. According to the allegations, they denied him medication, despite his profuse bleeding and pain following surgery. Count 2 shall proceed against Brandmeyer and Thole. However, this claim shall be dismissed without prejudice against Maue because he is not mentioned in connection with this claim.

Count 3 does not survive screening under the Fourteenth Amendment's objectively unreasonable standard or Eighth Amendment's deliberate indifference standard. According to the allegations, Plaintiff was denied treatment with an outside orthopedist during his pretrial detention at the Jail. Along with the Complaint, he filed a single grievance complaining about this deprivation on April 16, 2020. (Doc. 1, p. 26). In it, Plaintiff states that his appointment with an orthopedist in January 2020 was cancelled due to COVID-19 and was not rescheduled. He also requested replacement orthopedic shoes because the pair he received five months earlier was worn out. Brandmeyer responded to both complaints. The officer confirmed that outside medical facilities cancelled all non-emergent appointments due to COVID-19, but he would ask the nurse to look into scheduling a new appointment. He also attempted to contact the sheriff about new orthopedic shoes, but the sheriff was not in the office on that particular day. Brandmeyer's response to both complaints was objectively reasonable and fell far short of deliberate indifference. Accordingly, this claim shall be dismissed without prejudice.

Finally, Count 4 describes Plaintiff's denial of a milk supplement. Plaintiff has a milk allergy and was given water and regular milk with his meals. Plaintiff preferred a milk supplement, and his request was apparently denied. Plaintiff makes no claim that this denial resulted in a nutritionally inadequate diet. Under the circumstances, the Court finds that the deprivation is not

6

sufficiently serious to support a constitutional claim under the Fourteenth or Eighth Amendment. Count 4 shall be dismissed without prejudice.

## Count 5

Under the First Amendment's Free Exercise Clause, burdens on an inmate's religious practice must be reasonably related to a legitimate penological interest. *Riley v. Ewing*, 777 F. App'x 159, 160 (7th Cir. 2019) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Plaintiff alleges that he is a Jehovah's Witness, and his sincerely held religious beliefs require him to abstain from consumption of blood in all of its forms. He requested a kosher diet because it conforms to his religious beliefs. However, Brandmeyer and Thole denied his special diet request without offering any reason for doing so. Count 5 shall receive further review against these defendants. This claim shall be dismissed without prejudice against Maue, who is not mentioned in connection with it.

## Count 6

A claim under the Rehabilitation Act, 29 U.S.C. §§ 794-94e, and Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, are functionally identical. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Under both, Plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Under the Rehabilitation Act, the relevant state agency must also accept federal funds, which all states do. *Jaros*, 684 F.3d at 671. Plaintiff has satisfied each of these requirements for screening purposes. Plaintiff claims that he suffered from numerous medical issues requiring a handicap accessible toilet. Defendants allegedly knew this but denied him access to a toilet with guardrails while in medical isolation on October 13 and 19, 2019. He fell and sustained injuries. At this stage, the Court will allow Count 6 to proceed under the Rehabilitation Act. Plaintiff can only

have one recovery, and the Rehabilitation Act avoids "thorny question[s] of sovereign immunity" presented under the ADA. *Id.* at 672. The Court will thus dispense with the ADA claim.

The only proper defendant for a claim under either Act is the state agency or state official acting in his or her official capacity. *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303,* 783 F.3d 634, 644 (7th Cir. 2015). Individual employees of the state agency are not amenable to suit under either Act. *See* 29 U.S.C. § 794(b); 42 U.S.C. § 13121; *Jaros*, 684 F.3d at 670. In this case, the only proper defendant would be the municipal entity associated with Clinton County Jail, which could be the Clinton County Sheriff's Department, or an appropriate municipal official, which could be the Clinton County Sheriff (Maue) acting in his or her official capacity. *See Burton v. Lacy*, No. 07-cv-918, 2008 WL 187552, at *5 (S.D. Ind. Jan. 18, 2008) (concluding that "it makes no difference whether the named party is the 'Sheriff's Department,' the 'Office of the Sheriff,' or the 'Sheriff in his Official Capacity'" because '[s]uing an officer in his or her official capacity is no different than suing the municipal entity'"). Therefore, the Court will allow the claim to proceed against Sheriff Maue, in his or her official capacity, and shall dismiss this claim against all three individual defendants.

### Count 7

The Fourteenth Amendment Due Process Clause governs Count 7, regardless of whether Plaintiff was a convicted person or a pretrial detainee. The Due Process Clause guarantees convicted prisoners the right to be free of punishment that is beyond the normally expected incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Pretrial detainees are not similarly situated because they are not incarcerated pursuant to a sentence of confinement. As such, they cannot be said to expect whatever deprivation is incident to serving their sentence. *Rapier v. Harris*, 172 F.3d 999, 1004-05 (7th Cir. 1999). "[A]lthough it is permissible to punish

a pretrial detainee for misconduct while in pretrial custody, that punishment can be imposed only after affording the detainee some sort of procedural protection" such as notice and a hearing. *Id*. Plaintiff alleges that Brandmeyer provided him with no procedural protections before punishing him with fourteen days in segregation. At this stage, Count 7 shall be allowed to proceed against Brandmeyer. The allegations mention no other defendants in connection with this claim, so it shall be dismissed without prejudice against Thole and Maue.

## Count 8

Prison grievance procedures do not implicate the Fourteenth Amendment Due Process Clause per se because they are not constitutionally mandated. Therefore, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). The Complaint states no claim against Brandmeyer for mishandling Plaintiff's grievance about Officer Arnold, and Count 8 shall be dismissed with prejudice against this defendant.

## Count 9

A First Amendment retaliation claim requires a plaintiff to show that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech, and (3) his protected speech was a motivating factor in the defendant's actions. *Antoine v. Ramos*, 497 Fed. Appx. 631, 634 (7th Cir. 2012); *Abrams v. Walker,* 307 F.3d 650, 654 (7th Cir. 2002). The allegations must at least suggest that each defendant engaged in retaliatory conduct. Plaintiff's allegations of retaliation are threadbare and support no claim against any of the defendants. Accordingly, Count 9 shall be dismissed without prejudice for failure to state a claim.

## **Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (3) is **DENIED without prejudice**. When a *pro se* litigant submits a request for counsel, the Court must first consider whether the indigent

plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case, both factually and legally, exceeds his capacity as a layperson to present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  Plaintiff discloses some efforts to contact attorneys about representation, but he offers only a "mail list" in support of this assertion.  (Doc. 3, pp. 3-5).  Standing alone, the mail list does not demonstrate reasonable efforts to locate counsel.  Plaintiff should provide copies of his communications with these attorneys.  Moreover, it appears that Plaintiff can litigate this matter without attorney representation.  Other than a high school education and limited legal knowledge, Plaintiff points to no insurmountable impediments to litigation.  His Complaint sets forth numerous claims that survive screening.  His pleadings are timely and coherent.  He appears competent to litigate this matter on his own.  *Pruitt*, 503 F.3d at 655.  Should his situation change, Plaintiff may renew his request by filing a new motion.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows:

- **COUNT 1** shall proceed against Defendants **MAUE, BRANDMEYER,** and **THOLE;**

- **COUNTS 2** and **5** shall proceed against Defendants **BRANDMEYER** and **THOLE**, but these claims are **DISMISSED** without prejudice against Defendant **MAUE;**

- **COUNTS 3, 4,** and **9** are **DISMISSED** without prejudice against **ALL DEFENDANTS**;

- **COUNT 6** shall proceed against Defendant **MAUE** (official capacity only) and is **DISMISSED** with prejudice against Defendants **MAUE, BRANDMEYER,** and **THOLE,** in their individual capacities.

- **COUNT 7** shall proceed against Defendant **BRANDMEYER** and is **DISMISSED** without prejudice against Defendants **MAUE** and **THOLE**.

- **COUNT 8** is **DISMISSED** with prejudice against Defendant **BRANDMEYER**.

**Because one or more claims involve the alleged denial of medical care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With respect to **COUNTS 1, 2, 5, 6,** and **7**, the Clerk of Court shall prepare for Defendants **MAUE (individual and official capacities), BRANDMEYER (individual capacity only),** and **THOLE (individual capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/10/2020**

                                                                        s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## **Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.