IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON DESHONE QUARLES, | |
| Plaintiff, | |
| v. | Case No. 20-cv-697-NJR |
| KYLE THOLE, LUKE BRANDMEYER, and DOUG MAUE, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Marlon Deshone Quarles's Motion for Leave to File First Amended Complaint (Doc. 45). Defendants have filed a response (Doc. 49).

## PROCEDURAL BACKGROUND

On July 16, 2020, Quarles filed his Complaint alleging various constitutional violations while he was housed at the Clinton County Jail between October 7, 2019, and June 26, 2020 (Doc. 1; Doc. 14). After conducting a threshold review of Quarles's claims pursuant to 28 U.S.C. §1915A, the following Counts were allowed to proceed:

> Count 1: Eighth or Fourteenth Amendment claim against Maue, Brandmeyer, and Thole for subjecting Quarles to unconstitutional conditions of confinement at the Jail by placing him in an underground, overcrowded, unsafe cell with constant illumination, poor ventilation, moldy showers, no cleaning supplies, and no access to exercise.
>
> Count 2: Eighth or Fourteenth Amendment claim against Brandmeyer and Thole for denying Quarles adequate post-operative care, pain medication, and antibiotic ointment following surgery on December 12, 2019.

| | |
|---|---|
| Count 5: | First Amendment claim against Brandmeyer and Thole for denying Quarles the right to freely exercise his religion by denying him a kosher diet. |
| Count 6: | ADA or Rehabilitation Act claim against Maue (official capacity only) for denying Quarles use of a handicap accessible toilet on or around October 13 and 20, 2019. |
| Count 7: | Fourteenth Amendment due process claim against Brandmeyer for placing Quarles in punitive segregation for 14 days beginning on June 10, 2020 without notice or an order of detention. |

On December 15, 2020, the Court assigned counsel to Quarles (Doc. 32). On January 13, 2021, an initial scheduling order was entered and Quarles was given until May 12, 2021, to file a motion for leave to amend his Complaint (Doc. 40). On April 12, 2021, Defendants filed a motion for summary judgment, arguing that Quarles failed to exhaust parts of Count 1 as well as Counts 2 and 6 (Docs. 43, 44). On May 12, 2021, Quarles filed the pending motion to amend his Complaint, seeking to add several new claims and two additional Defendants (Doc. 45). Subsequently, he also filed a response to the motion for summary judgment (Doc. 46).

Quarles's proposed Amended Complaint seeks to clarify his current claims, add additional claims, and add claims against two new Defendants: Michael Arnold and Hughes Lochard. Quarles seeks to allege the following counts:

| | |
|---|---|
| Count 1: | Eighth and Fourteenth Amendment claim against Maue, Brandmeyer, and Thole for unconstitutional conditions of confinement. |
| Count 2: | Eighth and Fourteenth Amendment claim against Thole, Brandmeyer, and Lochard for the denial of adequate medical care after his February 5, 2020 surgery. |
| Count 5A: | Religion Freedom Restoration Act ("RFRA"), 42 U.S.C. §2000bb *et seq.*, and/or Illinois Religious Freedom Restoration Act |

|            |                                                                                                                                                                                                                                        |
|------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            | ("IRFRA"), 775 ILCS 35/1 *et seq.*, against Maue, Brandmeyer, and Thole for denying Quarles a kosher meal.                                                                                                                              |
| Count 5B:  | Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, against Maue, Brandmeyer, and Thole for denying Quarles a kosher meal.                                                                          |
| Count 6:   | Rehabilitation Act, 29 U.S.C. §794, claim against Maue (official capacity only) for denying Quarles access to a handicap accessible toilet on or around October 13, 2019 and October 20, 2019.                                        |
| Count 7:   | Fourteenth Amendment due process claim against Arnold, Brandmeyer, and Thole for placing Quarles in punitive segregation for 14 days beginning on June 10, 2020 without an order of detention or a hearing.                            |
| Count 8:   | First Amendment retaliation claim against Maue, Brandmeyer, and Thole for retaliating against Quarles for filing grievances by denying him pain medication and placing him in punitive segregation.                                   |
| Count 9:   | Fourth and Fourteenth Amendment excessive force claim against Arnold for his use of force against Quarles on June 10, 2020.                                                                                                           |
| Count 10:  | Illinois state law assault claim against Arnold for the use of force on June 10, 2020.                                                                                                                                                 |
| Count 11:  | Illinois state law battery claim against Arnold for the use of force on June 10, 2020.                                                                                                                                                 |

(Doc. 45, pp. 6-77).

Defendants object to several of Quarles's proposed claims. They object to the addition of Michael Arnold and the use of force claims (Counts 9, 10, and 11). Defendants also take issue with Quarles's religious diet, official capacity, and retaliation claims.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading

is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Defendants have already filed an Answer, thus Quarles must now seek to amend his complaint pursuant to Rule 15 (a)(2), which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further states that amendments should be freely granted "when justice so requires."

The decision to grant a plaintiff leave to further amend a compliant under Rule 15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2007); *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). Leave to amend may be denied for several reasons, however, including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…[or the] futility of amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *Guide v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). Any new claims are also subject to a review of the merits pursuant to 28 U.S.C. § 1915A.

ANALYSIS

**A. Michael Arnold**

Quarles's proposed Amended Complaint seeks to add Michael Arnold to his due process claim (Count 7) and add additional excessive force, assault, and battery claims against Arnold (Counts 9, 10, and 11). Quarles's due process claim (Count 7) alleges that he was placed in segregation without an order of detention or a hearing, all in violation of his due process rights. But the proposed Amended Complaint fails to allege that Arnold participated in denying Quarles his due process rights. He only alleges that Arnold used

excessive force during the transfer to solitary confinement. The exhibits to his Amended Complaint show that Brandmeyer provided the notice and that Thole found him guilty (Doc. 45, pp. 42-43). There are no allegations in the Amended Complaint to suggest Arnold participated in the due process violations. Thus, Quarles is **DENIED** leave to add Arnold to Count 7.

As to the use of force claims, in order to join Arnold, the claim must arise "out of the same transaction, occurrence, or series of transactions or occurrences" and include common questions of law and fact. Fed. R. Civ. P. 20(a)(2). Although both the use of force claims and the due process claim arise out of the same series of transactions, the use of force claims would include different questions of law and fact. Whether Arnold used excessive force or was justified in the force that he used is different from the question of whether Quarles was afforded due process in his placement in segregation. Because the use of force claims are different than the due process claim, the Court finds that joinder is not proper at this time. Thus, his request to add Counts 9, 10, and 11 are **DENIED**.

### B. Religious Claims (Count 5A and B)

Defendants also oppose Quarles's motion to add both a claim under RFRA, as well as individual capacity claims under RLUIPA. Count 5A purports to bring a claim against Maue, Brandmeyer, and Thole under both RFRA and the IRFRA. But the Supreme Court found that Congress exceeded its authority under Section 5 of the Fourteenth Amendment when it applied RFRA to state and local governments. *See Holt v. Hobbs*, 574 U.S. 352, 357 (2015) (*citing City of Boerne v. Flores*, 521 U.S. 507 (1997)). Thus, the reliance on RFRA is misplaced, and the request to bring a RFRA claim against the jail employees is **DENIED**.

Quarles's IRFRA claim also fails. A suit against a public employee in his official

capacity is a suit against the state, and the Illinois Court of Claims has "exclusive jurisdiction of all claims" against the state founded upon any law of the State of Illinois. *See Nelson v Miller,* 570 F.3d 868 885 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147 (7th Cir. 2019); 705 ILCS § 505/8(a); *Wallace v. Miller,* Case No. 09-cv-342-JPG, 2014 WL 552885, at 2 (S.D.Ill.2014). Likewise, federal district courts have barred individual-capacity IRFRA claims, holding that IRFRA claims against state employees are in effect claims against the state. *See Wilkins v. Walker,* Case No. 09-cv-457-MJR, 2012 WL 253442, at *3 (S.D. Ill. Jan. 26, 2012) (collecting cases).

While Quarles could bring a claim in Count 5B under RLUIPA, the statute does not authorize a suit for money damages against defendants in their individual capacities. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Maddox v. Love*, 655 F.3d 709, 717 (7th Cir. 2011). A court may order injunctive relief, but Quarles does not request injunctive relief, and he is no longer housed at the Clinton County Jail. As Quarles only seeks monetary damages, his request to add a RLUIPA claim is also **DENIED**.

Quarles Complaint was originally pled as First Amendment religious claim. The Court found that claim viable. Quarles may still proceed on his original First Amendment claim if he chooses to include it in the Amended Complaint.

### C. Official Capacity Claims

Quarles also attempts to sue each of the Defendants in both their individual and official capacities. Other than his claim under the Rehabilitation Act, which is properly brought against Maue in his official capacity (Count 6), the remaining claims for monetary damages may only be brought against defendants in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 916 (7th Cir. 2005); *Wynn v. Southward*, 251 F.3d 588, 599 (7th Cir. 2001).

He also fails to include any allegations of a widespread policy or practice that would allow him to pursue an official capacity claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978); *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000). Other than the Rehabilitation Act claim against Maue in his official capacity, Quarles is **DENIED** leave to add official capacity claims.

### D. Retaliation Claim

Quarles also seeks to re-allege a retaliation claim against Maue, Brandmeyer, and Thole. The claim was previously dismissed because the allegations were threadbare. Defendants argue the proposed Amended Complaint fails to offer any additional facts that would support a retaliation claim. Quarles's original Complaint only stated that actions taken against him by Defendants were in retaliation for his grievances and failed to suggest that each defendant engaged in retaliatory conduct (Doc. 1, p. 10; Doc. 14, p. 9). But his proposed Amended Complaint alleges that Thole, Brandmeyer, and Maue retaliated against him for filing grievances by placing him in punitive segregation and depriving him of medication. The Court finds that this is enough to state a viable retaliation claim at this stage. Quarles is, thus, **GRANTED** leave to add a retaliation claim in Count 8.

### E. Remaining Claims

Accordingly, the Court **GRANTS in part and DENIES in part** Quarles's motion to amend. Quarles is **GRANTED** leave to file an Amended Complaint consistent with the directions in this Order. The Amended Complaint should include the following claims which survive review of the proposed Amended Complaint:

> **Count 1:** Eighth and Fourteenth Amendment claim against Maue, Brandmeyer, and Thole for unconstitutional conditions of confinement.

| | |
|---|---|
| **Count 2:** | **Eighth and Fourteenth Amendment claim against Thole, Brandmeyer, and Lochard for the denial of adequate medical care after his February 5, 2020 surgery.** |
| **Count 5:** | **First Amendment religious freedom claim against Maue, Brandmeyer, and Thole for denying Quarles a kosher diet.** |
| **Count 6:** | **Rehabilitation Act, 29 U.S.C. §794, claim against Maue (official capacity only) for denying Quarles access to a handicap accessible toilet on or around October 13, 2019 and October 20, 2019.** |
| **Count 7:** | **Fourteenth Amendment due process claim against Brandmeyer and Thole for placing Quarles in punitive segregation for 14 days beginning on June 10, 2020 without an order of detention or a hearing.** |
| **Count 8:** | **First Amendment retaliation claim against Maue, Brandmeyer, and Thole for retaliating against Quarles for filing grievances by denying him pain medication and placing him in punitive segregation.** |

F.  **Summary Judgment Motion**

Defendants previously filed a summary judgment motion on the issue of whether Quarles exhausted his administrative remedies. But the Amended Complaint amends some of the factual allegations, as well as adds additional claims and a new defendant, which might have an impact on the issue of exhaustion. Accordingly, the Court **DENIES without prejudice** Defendants' motion for summary judgment (Docs. 43, 44) and **GRANTS** them leave to re-file their motion. Defendants shall have **60 days** from the date the Amended Complaint is filed to file a new motion for summary judgment on the issue of exhaustion.

CONCLUSION

For the reasons stated above, Quarles's motion to amend (Doc. 45) is **GRANTED in part and DENIED in part**. Quarles shall have until **February 18, 2022**, to file an Amended Complaint consistent with the rulings in this Order. The Clerk of Court is **DIRECTED** to add Hughes Lochard to the docket. Quarles is responsible for serving Lochard. Defendants' motion for summary judgment (Docs. 43, 44) is **DENIED without prejudice**, and Defendants are **GRANTED** leave to re-file their motion.

**IT IS SO ORDERED.**

DATED:  February 11, 2022

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**